1   JAMES J. BERGMANN, ESQ., CA SBN 220447
2   Law Office of James J. Bergmann
    631 5th Street, Suite 201
3   Santa Rosa, CA 95404
    (707)827-1975 telephone
4   (707)827-1979 facsimile
    james@consumerlawoffice.net
5
6   Counsel for Plaintiff DEBRA R. ROBINSON

**FILED**

APR 1 5 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7                           **E-filing**

8               UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
              SAN FRANCISCO/OAKLAND DIVISION

10
11  DEBRA R. ROBINSON,              **CV 11**   CASE NO. **1867**

12              Plaintiff,                    **COMPLAINT**
                                             **DEMAND FOR JURY TRIAL**
13  v.

14  HUNT & HENRIQUES,
15  WALTER S. CHRISTENSEN,
    and DOES 1 through 30, inclusive,
16
17              Defendants.
                                        /
18

19          COMES NOW the Plaintiff, DEBRA R. ROBINSON by counsel, and for her complaint

20  against the Defendants, alleges as follows:

21                           **JURISDICTION**

22          1.  The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d), 28 U.S.C. §1367,

23  and the doctrine of pendant jurisdiction.

24                    **INTRADISTRICT ASSIGNMENT**

25          2.  Venue lies in the San Francisco/Oakland Division of the United States District Court

26
27  for the Northern District of California, as a substantial part of the events or omissions which
28

COMPLAINT

give rise to Plaintiff's claims occurred in the County of Lake, California.

## PRELIMINARY STATEMENT

3. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1692 *et seq.* (the federal Fair Debt Collection Practices Act, hereafter "FDCPA"), and California Civil Code §1788 *et seq.*, (California's Rosenthal Fair Debt Collection Practices Act, hereafter "CFDCPA").

4. Plaintiff is a natural person and resident of the State of California, County of Lake. She is a "consumer" as defined by 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code §1788.2(h).

5. Upon information and belief, HUNT & HENRIQUES ("H & H") is a collection law firm of unknown business formation authorized to do business, and doing business, in the State of California and the County of Lake.

6. Upon information and belief, H & H uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, making it a "debt collector" under 15 U.S.C. §1692a(6).

7. Upon information and belief, H & H, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, making it a "debt collector" under Cal. Civ. Code §1788.2(c).

8. Upon information and belief, defendant WALTER S. CHRISTENSEN ("CHRISTENSEN") is natural person employed as a process server doing business in the State of California and the County of Lake.

9. Upon information and belief, CHRISTENSEN, in the ordinary course of business,

1    regularly, on behalf of himself or others, engages in debt collection, making him a "debt

2    collector" under Cal. Civ. Code §1788.2(c).

3          10.  Plaintiff does not know the true names and capacities, whether corporate,

4    partnership, associate, individual or otherwise of defendants sued herein as DOES 1 through 30,

5    inclusive.  Plaintiff is informed and believes, and on that basis alleges, that defendants Does 1

6    through 30, inclusive, are in some manner responsible for the acts, occurrences and transactions

7    set forth herein, and are legally liable to plaintiff.  Plaintiff will seek leave to amend this

8    complaint to set forth the true names and capacities of said fictitiously-named defendants,

9    together with appropriate charging allegations, when ascertained.

10

11         11.  Plaintiff is informed and believes, and on that basis alleges, that at all times

12   mentioned herein each defendant, whether actually or fictitiously named herein, was the

13   principal, agent (actual or ostensible), or employee of each other defendant, and in acting as

14   such principal or within the course and scope of such employment or agency, took some part in

15   the acts and omissions hereinafter set forth, by reason of which each defendant is liable to

16   plaintiff for the relief prayed for herein.

17

18

19                                              **FACTS**

20         12.  In or about March, 2010, defendant debt-collection lawfirm H & H began calling

21   plaintiff in an attempt to collect a debt allegedly owed by plaintiff to Capital One Bank (USA),

22   N.A.  Plaintiff sent H & H a letter requesting that it cease communication with her, which H &

23   H received on or about April 19, 2010.

24

25         13.  Although H & H received plaintiff's "cease communication" letter on or about April

26   19, 2010, H & H telephoned plaintiff and dunned her for payment of the alleged debt, after it

27   had received the letter, in violation of the FDCPA and CFDCPA.

28

14. On or about July 1, 2010, Capital One Bank (USA), N.A. filed suit (the "Lake County Collection Action") against plaintiff to collect the debt allegedly owed. The case was captioned *Capital One Bank (USA), N.A. v. Debra R. Robinson*, Lake County Superior Court Case No. CV 408896. The complaint alleged breach of contract and Common Counts, and prayed for $7,255.15 plus interest, attorney fees, and costs.

15. On information and belief, H & H hired defendant CHRISTENSEN to serve the Lake County Collection Action summons and complaint on plaintiff. CHRISTENSEN acted as H & H's agent or employee in serving the Lake County Collection Action on plaintiff.

16. While attempting to serve plaintiff, CHRISTENSEN found the gate to her property locked while plaintiff was at work. CHRISTENSEN telephoned plaintiff and left her a voicemail threatening that if she did not come open her gate, he would report to law enforcement that plaintiff had a marijuana garden, which was false.

17. After several failed attempts to access the property, CHRISTENSEN finally was able to get through the gate and onto plaintiff's property. CHRISTENSEN served the summons and complaint on her neighbor, who did not live at plaintiff's residence address.

18. After serving plaintiff's neighbor, CHRISTENSEN filed with the court a "Declaration of Reasonable Diligence," regarding his service of the complaint and summons, in which he stated: "8/11/2010 7:05 PM: No Access to subject's door, locked gate. Marijuana garden clearly visible behind the house."

19. CHRISTENSEN's threat to report to law enforcement that plaintiff had a marijuana garden, and his publication that there was a marijuana garden on her property defamed plaintiff, and caused her emotional distress and embarrassment. CHRISTENSEN's publication that a

marijuana garden was clearly visible "behind the house" is reasonably construed to mean that there was a marijuana garden behind *plaintiff's* house, and that the marijuana belonged to her, which was false.

20. Plaintiff works for a public school that has a "no-drugs" policy. She has also applied for work as a civilian employee of the United States military, which also has a "no-drugs" policy. Plaintiff was especially upset that CHRISTENSEN published that she had a marijuana garden "behind the house," because she is afraid that this could interfere with her employment.

21. Plaintiff has sustained actual damages, including emotional distress, as a result of defendants' acts and omissions.

**FIRST CLAIM FOR RELIEF**
(Violation of 15 U.S.C. §1692c and Cal. Civil Code §1788.17)
(H & H only)

22. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 as though fully set forth.

23. Defendant H & H willfully and knowingly violated 15 U.S.C. §1692c, and therefore also Cal. Civil Code §1788.17, by telephoning plaintiff and dunning her for payment, after it had received a letter from plaintiff requesting that it cease communication with her.

24. Defendants H & H's acts as herein alleged have caused plaintiff to suffer emotional distress, embarrassment, humiliation, and anxiety. Plaintiff seeks to recover actual damages, statutory damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

//

COMPLAINT                                        - 5 -

1

## SECOND CLAIM FOR RELIEF

2

3

(Violation of 15 U.S.C. §1692d and Cal. Civil Code §1788.17)
(H & H and CHRISTENSEN)

4

25.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 24 as

5

though fully set forth.

6

26.  Defendants willfully and knowingly violated 15 U.S.C. §1692d, and therefore also

7

8

Civil Code §1788.17, by engaging in conduct the natural consequence or which is to harass,

9

oppress, or abuse any person in connection with the collection of a debt, when

10

CHRISTENSEN, acting as H & H's agent or employee, threatened that he would report to law

11

enforcement that plaintiff had a marijuana garden if she did not come out and open her locked

12

gate, and also filed a "Declaration of Reasonable Diligence" in which he stated that there was a

13

14

"...marijuana garden clearly visible behind the house."

15

27.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,

16

embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory

17

damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil

18

Code § 1788.30.

19

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

20

## THIRD CLAIM FOR RELIEF

21

(Violation of 15 U.S.C. §1692e and Cal. Civil Code §1788.17)
(H & H and CHRISTENSEN)

22

23

28.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 27 as

24

though fully set forth.

25

29.  Defendants willfully and knowingly violated 15 U.S.C. §§1692e, and therefore also

26

27

Civil Code §1788.17, by using false, deceptive, or misleading representations or means  in

28

COMPLAINT                                              - 6 -

attempting to collect a debt, when CHRISTENSEN, acting as H & H's agent or employee, filed a "Declaration of Reasonable Diligence" in which he falsely stated that there was a "...marijuana garden clearly visible behind *the* house" (emphasis added), implying that there was a marijuana garden behind plaintiff's house, when there was not.

30. Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress, embarrassment, humiliation, and anxiety. Plaintiff seeks to recover actual damages, statutory damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
(Violation of 15 U.S.C. §1692e(4) and Cal. Civil Code §1788.17)
(H & H and CHRISTENSEN)

31. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 30 as though fully set forth.

32. Defendants willfully and knowingly violated 15 U.S.C. §§1692e(4), and therefore also Civil Code §1788.17, by representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment when such action was unlawful and/or defendants had no intention to take such action, when CHRISTENSEN, acting as H & H's agent or employee, threatened that he would report to law enforcement that plaintiff had a marijuana garden if she did not come out and open her locked gate.

33. Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress, embarrassment, humiliation, and anxiety. Plaintiff seeks to recover actual damages, statutory damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil Code § 1788.30.

COMPLAINT                              - 7 -

1    WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

2                        **FIFTH CLAIM FOR RELIEF**
3              (Violation of 15 U.S.C. §1692e(7) and Cal. Civil Code §1788.17)
                              (H & H and CHRISTENSEN)
4
5        34.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33 as

6    though fully set forth.

7        35.  Defendants willfully and knowingly violated 15 U.S.C. §§1692e(7), and therefore

8    also Civil Code §1788.17, by falsely representing or implying that plaintiff committed any

9    crime or other conduct in order to disgrace plaintiff, when CHRISTENSEN, acting as H & H's
10
     agent or employee, threatened that he would report to law enforcement that plaintiff had a
11
12   marijuana garden if she did not come out and open her locked gate, and also filed a

13   "Declaration of Reasonable Diligence" in which he stated that there was a "...marijuana garden

14   clearly visible behind the house."

15       36.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,
16
     embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory
17
18   damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil

19   Code § 1788.30.

20       WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

21
22                        **SIXTH CLAIM FOR RELIEF**
             (Violation of 15 U.S.C. §1692e(10) and Cal. Civil Code §1788.17)
23                            (H & H and CHRISTENSEN)

24       37.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 36 as
25
     though fully set forth.
26
27       38.  Defendants willfully and knowingly violated 15 U.S.C. §§1692e(10), and therefore

28

---

COMPLAINT                              - 8 -

1    also Civil Code §1788.17, by making a false representation and using deceptive means, when

2    CHRISTENSEN, acting as H & H's agent or employee, threatened that he would report to law

3
4    enforcement that plaintiff had a marijuana garden if she did not come out and open her locked

5    gate, and also filed a "Declaration of Reasonable Diligence" in which he stated that there was a

6    "...marijuana garden clearly visible behind the house."

7        39. Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,

8    embarrassment, humiliation, and anxiety. Plaintiff seeks to recover actual damages, statutory

9
10    damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil

11    Code § 1788.30.

12        WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

13                      **SEVENTH CLAIM FOR RELIEF**
              (Violation of 15 U.S.C. §1692f and Cal. Civil Code §1788.17)
14                       (H & H and CHRISTENSEN)

15        40. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 39 as

16
17    though fully set forth.

18        41. Defendant willfully and knowingly violated 15 U.S.C. §1692f, and therefore also

19    Cal. Civil Code §1788.17, by using unfair or unconscionable means in attempting to collect the

20    a debt, when CHRISTENSEN, acting as H & H's agent or employee, threatened to report to law

21    enforcement that plaintiff had a marijuana garden if she did not come out and open her locked

22
23    gate, and also filed a "Declaration of Reasonable Diligence" in which he stated that there was a

24    "...marijuana garden clearly visible behind the house."

25        42. Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,

26    embarrassment, humiliation, and anxiety. Plaintiff seeks to recover actual damages, statutory

27    damages, and attorney's fees and costs, as authorized under 15 U.S.C. §1692k and Cal. Civil

28

Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

### EIGHTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code §1788.10(b))
(H & H and CHRISTENSEN)

43.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42 as though fully set forth.

44.  Defendants willfully and knowingly violated Cal. Civil Code §1788.10(b) by threatening that failure to pay a consumer debt will result in an accusation that plaintiff had committed a crime, where such accusation would be false, when CHRISTENSEN, acting as H & H's agent or employee, threatened to report to law enforcement that plaintiff had a marijuana garden if she did not come out and open her locked gate.

45.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress, embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory damages, and attorney's fees and costs, as authorized under Cal. Civil Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

### NINTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code §1788.10(c))
(H & H and CHRISTENSEN)

46.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 45 as though fully set forth.

47.  Defendants willfully and knowingly violated Cal. Civil Code §1788.10(c) by communicating, and threatening to communicate, to any person the fact plaintiff had engaged in conduct which the defendants knew or had reason to believe would defame plaintiff, when CHRISTENSEN, acting as H & H's agent or employee, threatened to report to law

COMPLAINT                                    -  10  -

enforcement that plaintiff had a marijuana garden if she did not come out and open her locked

gate, and also filed a "Declaration of Reasonable Diligence" in which he stated that there was a

"...marijuana garden clearly visible behind the house."

48.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,

embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory

damages, and attorney's fees and costs, as authorized under Cal. Civil Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

### TENTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code §1788.10(e))
(H & H and CHRISTENSEN)

49.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 48 as

though fully set forth.

50.  Defendants willfully and knowingly violated Cal. Civil Code §1788.10(e) by

threatening that nonpayment of the alleged debt may result in plaintiff's arrest, when such action

either was not contemplated by defendants or was not permitted by law, when CHRISTENSEN,

acting as H & H's agent or employee, threatened to report to law enforcement that plaintiff had

a marijuana garden if she did not come out and open her locked gate."

51.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress,

embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory

damages, and attorney's fees and costs, as authorized under Cal. Civil Code § 1788.30.

WHEREFORE, plaintiff prays judgment against defendants as hereinafter set forth.

### ELEVENTH CLAIM FOR RELIEF
(Defamation)
(H & H and CHRISTENSEN)

52.  Plaintiffs incorporate herein by reference paragraphs 1 through 51, as though fully

set forth herein.

53.  Defendants defamed plaintiff when they filed in Lake County Superior Court a public document,  "Declaration of Reasonable Diligence," in which they stated that there was a "...marijuana garden clearly visible behind the house."

54.  Persons defendants  made this statement, including court staff, the parties to this the Lake County Collection Action, and the general public can reasonably understand that the statement was about Plaintiff.

55.  The statement made by defendants injured Plaintiff in her occupation, exposed her to hatred, contempt, ridicule, or shame, and discouraged others from associating or dealing with her.

56.  The statement was false.

57.  Defendants failed to use reasonable care to determine the truth or falsity of the statement.

58.  Plaintiff suffered harm to her property, business, profession, or occupation.

59.  The statements were a substantial factor in causing plaintiff's harm.

60.  The statements made by defendants as herein alleged were published willfully, and with malice, so that defendants are subject to actual damages, statutory damages, and punitive damages.

61.  Defendants' acts as herein alleged have caused plaintiff to suffer emotional distress, embarrassment, humiliation, and anxiety.  Plaintiff seeks to recover actual damages, statutory damages, and attorney's fees and costs, as authorized by law.

WHEREFORE, Your Plaintiff demands judgment as follows:

    1.  For actual damages resulting from defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(1);

COMPLAINT            - 12 -

2.  For statutory damages of $1,000 per violation of the FDCPA, pursuant to 15 U.S.C. §1692k(1);

3.  For the costs of the action together with reasonable attorney's fees, pursuant to 15 U.S.C. §1692(a)(3);

4.  For actual damages resulting from defendants' violations of the CFDCPA, pursuant to Cal. Civ. Code §1788.30(a);

5.  For statutory damages of $1,000 for each willful and knowing violation of the CFDCPA, pursuant to Cal. Civ. Code §1788.30(b);

6.  For the costs of the action together with reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.30(c);

7.  For pre-judgment and post-judgment interest at the legal rate; and

8.  For such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: April ___15___, 2011

DEBRA R. ROBINSON,

By: _____

JAMES J. BERGMANN
Law Office of James J. Bergmann
Attorney for Plaintiff

RECEIVED

2011 APR 15 P 6: 05

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.